# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| v. | ) | ID# 1101020723 & 1106019686 |
| | ) | |
| ANTHONY STANLEY, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

**AND NOW TO WIT**, this 25th day of February, 2016, upon consideration of the Defendant's *Pro Se* Motion for Postconviction Relief, and the record in this case, **IT APPEARS THAT:**

1. On September 22, 2011, Anthony Stanley ("Stanley") pled guilty to Reckless Endangering First Degree, Possession of a Firearm During the Commission of a Felony ("PFDCF"), and Possession of a Firearm by a Person Prohibited ("PFBPP").[1] These charges arose from a shooting at First State Lanes Bowling Alley in New Castle, Delaware ("Bowling Alley Shooting Case"). As part of the plea agreement, Stanley agreed to testify truthfully at his two co-defendants' trials, and the State agreed to enter a *nolle prosequi* on the other charges in the indictment.[2] At one of his co-defendant's trial, Stanley did not testify consistently with his prior statements.[3] The State played recordings of

---

[1] Case ID No. 1101020723.
[2] *Stanley v. State*, 2015 WL 3545413, at *1 (Del. 2015).
[3] *Id.*

prison calls made by Stanley, in which he expressed a desire to undermine the State's case against the co-defendants.[4]

2. On January 31, 2012, prior to sentencing in the Bowling Alley Shooting Case, Stanley pled guilty in connection with a separate and unrelated shooting ("Claymont Street Shooting Case"), to Assault in the First Degree, PFDCF, and PFBPP.[5] On June 8, 2012, Stanley was sentenced on both cases to a total of fifty-six years of Level V incarceration, suspended after forty-nine years for decreasing levels of supervision.[6]

3. Stanley filed a direct appeal to the Delaware Supreme Court and on February 12, 2013, the Supreme Court affirmed the judgment of the Superior Court.[7]

4. In 2013, Stanley filed his first *pro se* motion for postconviction relief under Superior Court Criminal Rule 61 ("Rule 61"), and counsel was appointed ("Rule 61 Counsel") to represent Stanley.[8] Rule 61 Counsel filed an amended motion for postconviction relief on June 17, 2014, arguing that Stanley's trial counsel was ineffective because he failed to investigate and present mitigating evidence at sentencing.[9]

---

[4] *Id.*
[5] Case ID No. 1106019686. *State*, 2013 WL 543897 (Del. 2013).
[6] D.I. 36 (Case ID. No. 1101020723); D.I. 23 (Case. ID. No. 1106019686).
[7] *Stanley v. State*, 2013 WL 543897 (Del. 2013).
[8] D.I. 46, 48 (Case ID. No. 1101020723); D.I. 33, 40, 38 (Case ID. No. 1106019686).
[9] D.I. 59 (Case ID. No. 1101020723); D.I. 40 (Case ID. No. 1106019686).

5. The Court denied Stanley's motion for postconviction relief.[10] Stanley appealed, arguing that: (1) the Superior Court failed to determine that Stanley knowingly waived his trial rights in his Claymont Street Shooting guilty plea; and (2) trial counsel provided inadequate advice concerning a presentence investigation in the Bowling Alley Shooting Case. On June 4, 2015, the Supreme Court denied Stanley's appeal, holding that the appeal was wholly without merit and devoid of any arguably appealable issue.[11]

6. On November 23, 2015, Stanley filed the instant *pro se* motion for postconviction relief (his second), asserting two grounds for relief: (1) ineffective assistance of counsel; and (2) coerced guilty plea.[12] Before addressing the merits of Stanley's second Rule 61 Motion, the Court must consider the procedural requirements of Rule 61.[13] Rule 61(i)(1) provides that a motion for postconviction relief must be filed within one year of a final judgment of conviction.[14] Under Rule 61(i)(2), successive motions are barred unless the motion satisfies the pleading requirements of Rule 61(d)(2)(i) or (d)(2)(ii).[15] Rule 61(i)(3) bars consideration of any claim not asserted in the proceedings leading up to the judgment of conviction unless the movant can show "cause for relief from the

---

[10] D.I. 64, 65 (Case ID. No. 1101020723); D.I. 55, 56 (Case ID. No. 1106019686).
[11] *Stanley v. State*, 2015 WL 3545413 (Del. 2015).
[12] D.I. 69 (Case ID. No. 1101020723); D.I. 61 (Case ID. No. 1106019686).
[13] Super. Ct. Crim. R. 61; *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).
[14] Super. Ct. Crim. R. 61(i)(1).
[15] Super. Ct. Crim. R. 61(i)(2).

procedural default" and "prejudice from violation of the movant's rights."[16] Rule 61(i)(4) provides that "[a]ny ground for relief that was formerly adjudicated, whether in the proceedings leading to the judgment of conviction, in an appeal, in a postconviction proceeding, or in a federal habeas corpus proceeding, is thereafter barred."[17]

7. If a procedural bar exists, the Court will not consider the merits of the postconviction claim unless the defendant can show that, pursuant to Rule 61(d)(2), the procedural bars are inapplicable. Pursuant to Rule 61(d)(2):

> A second or subsequent motion under this rule shall be summarily dismissed, unless the movant was convicted after a trial and the motion either: (i) pleads with particularity that new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted; or (ii) pleads with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction or death sentence invalid.

8. Stanley's claim for ineffective assistance of counsel is procedurally barred by Rule 61(i)(2) as a successive motion, and Stanley fails to demonstrate that this claim is exempt from the procedural bar. Stanley alleges that his trial counsel was ineffective for filing an appeal on his behalf without informing Stanley that "he had a right to raise any arguments or issues that [he] wished on direct appeal." This claim of ineffective assistance of counsel is wholly conclusory

---

[16] Super. Ct. Crim. R. 61(i)(3).
[17] Super. Ct. Crim. R. 61(i)(4).

and speculative.[18]  Stanley fails to plead with particularity that new evidence creates a strong inference that he is innocent or a new rule of constitutional law applies retroactively to invalidate his sentence.

9.  Stanley's claim that his guilty plea was coerced is procedurally barred by Rule 61(i)(2) as a successive motion, and Rule 61(i)(4) as formerly adjudicated, and Stanley fails to demonstrate that this claim is exempt from those procedural bars.  The Delaware Supreme Court has already held that Stanley's challenge to his guilty plea is procedurally barred by Rule 61(i)(3) because Stanley could have challenged whether he knowingly entered a guilty plea in a motion to withdraw under Superior Court Criminal Rule 32(d) or on direct appeal, but he did not.[19] The Supreme Court also held that Stanley failed to demonstrate the claim was exempt from Rule 61(i)(3)'s procedural bars, and specifically held that:

> The record reflects that Stanley signed a Truth-In-Sentencing guilty plea form in which he marked "yes" to the question regarding whether he understood that by pleading guilty he would not have a trial and that he waived his right to a trial by jury. The transcript of the plea colloquy reflects that Stanley's counsel informed the Superior Court that Stanley understood he waived the constitutional rights enumerated in the Truth-in-Sentencing guilty plea form and that his plea waived his right to trial. Stanley responded affirmatively to the Superior Court when asked if he reviewed the Truth-in-Sentencing guilty plea form. Under these circumstances, we conclude there is no plain error in Stanley's guilty plea in the Claymont Street Shooting case.[20]

---

[18] *Stanley*, 2015 WL 3545413 at *3.
[19] *Id.*
[20] *Id.*

5

10. Stanley's second Rule 61 Motion is procedurally barred by Rule 61(i)(2) and (i)(4). Stanley has failed to demonstrate his claims are exempt from those procedural bars. None of Stanley's arguments articulate any factual basis to survive the pleading standards of Rule 61(d)(2), and Stanley has failed to plead with particularity that new evidence creates a strong inference that he is innocent or a new rule of constitutional law applies retroactively to invalidate his sentence.

**NOW THEREFORE**, Defendant's *Pro Se* Motion for Postconviction Relief is **DENIED**.

**IT IS SO ORDERED.**

_____
Jan R. Jurden, President Judge